(85 South. 765)

### HINES, Director General of Railroads, v. WIMBISH. (7 Div. 48.)

(Supreme Court of Alabama. Feb. 12, 1920. On Rehearing, June 8, 1920.)

1. **Railroads ☞5½, New, vol. 6A Key-No. Series—Action held one against Director General as an official.**

An action in which the caption of the complaint described the defendants as "W. D. H. as Director General of Railroads of the United States, and the Director General of Railroads of the United States, Defendants," *held* an action only against W. D. H. as an official, and not as an individual.

2. **Evidence ☞20(2)—Judicial notice taken of operation of railroads by Director General.**

The courts judicially know that in February, 1919, the Louisville & Nashville Railroad Company and the Central & Georgia Railroad were in the custody, and their operation was under the control of, the Director General of Railroads of the United States, in virtue of the authority defined in U. S. Comp. St. § 1974a, and that Walker D. Hines' connection with this governmental custody and control was as an official only.

3. **Railroads ☞297(5)—Evidence held to justify affirmative instruction for passenger injured in collision.**

In an action by a passenger on one railroad for injuries received when train on defendant's intersecting road collided with the passenger coach in which plaintiff was riding, *held*, that the evidence justified an affirmative instruction that plaintiff was entitled to recover.

4. **Damages ☞28—Loss of earning capacity, when an element considered in fixing damages.**

Diminution or loss of earning capacity is an element of damages that may be recovered in personal injury cases where the injury suffered is permanent; but, in order to recover substantial damages on that account, there must be evidential data upon which the jury may predicate an award therefor, or else the recovery of damages on that account can be nominal only.

5. **Damages ☞132(3)—$25,000 to woman of 67, for injuries to back, nerves, etc., reduced to $15,000.**

A verdict for $25,000 for injuries to a woman 67 years of age, who was thrown to the floor and wall of a passenger coach in a collision, and endured intense pain and mental distress, whose ability to walk was seriously impaired, and whose condition with respect to both the functions of her heart and her general physical health had already at the time of trial, and in the future would continue to, become worse, and whose limbs were wholly insensible to pain, due to injury to nerves in her spinal column, *held* excessive, and reduced to $15,000.

### On Rehearing.

6. **Appeal and error ☞867(1)—Inquiry as to excessiveness vel non not to extend to consideration of instructions.**

An inquiry of excessiveness vel non in the amount of verdict, presented by a motion for new trial, could not be affected by recourse to the further inquiry whether the court erred in instructing the jury in defining or limiting the measure or elements of recoverable damages, for the reason that it was the unqualified duty of a jury to heed and to observe the instructions given by the court, in view of Gen. Acts 1915, p. 610.

Appeal from Circuit Court, Talladega County; A. B. Foster, Judge.

Action by Mrs. A. L. Wimbish against Walker D. Hines, as Director General of Railroads, operating the Central of Georgia Railway Company, for damages for personal injuries suffered in a collision. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded conditionally, but, the conditions having been complied with, affirmed.

Barnes & Walker, of Opelika, for appellant.

The complaint is against the Director General in his official capacity, and is therefore a suit against the United States. 119 Miss. 627, 81 South. 425; 82 South. 894. The suit must, under the acts of Congress and the orders issued thereon, be brought against the Director General, and no other. The suit here charges a joint tort of the Director General and the railroads sued. 98 Ala. 451, 13 South. 527; Gen. Order No. 50; 119 Miss. 627, 81 South. 425. To support the verdict, the injury must have been the joint injury of all the defendants sued. 99 Ala. 501, 14 South. 495. The judgment, then, against only one of the defendants, is not authorized. 131 Cal. 121, 63 Pac. 181; 7 Idaho, 418, 63 Pac. 188; 11 Dec. Dig. § 244. The judgment was excessive. 175 Ala. 60, 56 South. 574.

Riddle & Riddle, of Talladega, for appellee.

The matters referred to by counsel as to the Director General are matters of common knowledge, and the courts take judicial knowledge of them. 119 Miss. 627, 81 South. 417. The plaintiff was entitled to the affirmative charge, and other errors are without injury. 128 Ala. 556, 29 South. 584. The verdict was not excessive in such a manner as to authorize this court to set it aside. 112 Ala. 167, 20 South. 313; 50 Tex. 254; 13 Cyc. 138; 67 Ala. 6; 63 Ala. 266; 48 Ala. 566.

The appeal was submitted under rule 46, Supreme Court Practice (178 Ala. xix, 65 South. vii), and the opinion of the court delivered by

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCLELLAN, J. On the 24th day of February, 1919, the plaintiff, appellee, was a passenger on a Louisville & Nashville Railroad train, being operated from Anniston to Calera, in this state. At Sylacauga the Central of Georgia Railway crosses that railroad. A Central of Georgia freight train was driven or permitted to run into the rear coach of the Louisville &,Nashville passenger train as it was moving over the crossing of these two railways. This collision took place in the daytime, about 8 o'clock in the morning. The plaintiff stated her case in three counts, the first being eliminated by instructions given the jury. The second count ascribed the plaintiff's injuries to the negligence of employés operating the freight train, then moving over the Central of Georgia track. The third count ascribed her injuries to the wanton or willful wrong of an employé or employés operating the train over the Central of Georgia track. The only plea filed was of the general issue.

[1, 2] The caption of the complaint describing the defendants (plural), is as follows:

"Walker D. Hines as Director General of Railroads of the United States, and the Director General of Railroads of the United States, Defendants."

The reference in the body of the counts is in the plural, to the defendants. The caption of the demurrers to the several counts of the complaint described demurrant in the singular, "the defendant." Under the signature of counsel the ascription of their representative character referred it to a single defendant, "The Defendant"; and the plea of the general issue was likewise framed. It is manifest, we think, from the pleadings mentioned, that this action was instituted against the Director General of Railroads of the United States in his representative, official capacity, and not against Walker D. Hines as an individual. The doctrine of K. C., M. & B. Ry. Co. v. Matthews, 142 Ala. 298, 39 South. 207, and its successors in pronouncement, support that conclusion. The courts judicially know that in February, 1919, the railroads described in the complaint were in the custody, and their operation was under the control, of the Director General of Railroads of the United States, in virtue of the authority defined in U. S. Comp. Stat. 1918, § 1974a; and, in consequence, that Walker D. Hines' connection with this governmental custody and control was as an official only. The mere fact that the complaint employs the plural (defendants), instead of the singular, is not of sufficient potency to require a different conclusion, particularly since the demurrers and plea, filed to the complaint, correctly recognized that but a single defendant was impleaded. The right of damnified parties to sue for injuries of the class this plaintiff suffered and the methods to be observed in so doing

were preserved by the federal authority assuming custody and control of railways (see full statement of statutes, presidential proclamations and rules and orders, in Vaughn v. State, 81 South. 417 et seq.); and it appears from these concluding sources that actions like this should be instituted against the official, the Director General of Railroads of the United States. The caption of the complaint only offends through its tautology. The action being against the official, the Director General, only, the judgment entry thereto in its description of a single defendant. The contentions made for appellant as upon the theory that two defendants were sued, that one of them was the individual Walker D. Hines, are, hence, without merit.

[3] The evidence justified the court in affirmatively instructing the jury that the plaintiff was entitled to recover; that instruction being referable to the averments of count 2. The court submitted to the jury the determination of the inquiry whether the operative of the Central of Georgia freight train wantonly caused or permitted his moving engine and train to collide with the passenger coach in which plaintiff was traveling over the Louisville & Nashville Railway, at the intersection of the two railways.

The motion for new trial presented the question whether the verdict for $25,000 was excessive. The motion was overruled. The court gave these special instructions to the jury at the request of the defendant:

"(20) The court charges the jury if they believe the evidence in this case that plaintiff cannot recover for any mental anguish or physical pain which she may suffer after the trial of said cause.

"(21) The court charges the jury that if they believe the evidence in this case, plaintiff cannot recover for any expenses for medicine or medical care."

[4] These instructions (whether correct or not is a question not now presented for review) served to eliminate as elements of the damages recoverable any damages for "mental anguish or physical pain which" the plaintiff might ("may") "suffer after the trial of said cause," and also "expenses for medicine or medical care." Another element of damages that may, in proper cases, be recoverable in actions of this character is diminution or loss of earning capacity, where the injury suffered is permanent. In order to recover substantial damages on that account, there must be evidential data upon which the jury may predicate an award therefor, else the recovery of damages, on that account, can be nominal only. B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 571, 572, 65 South. 939. There is in this record no evidence affording such data assuming, for the occasion, that permanent, disenabling injury was the result of the wrong declared

on. Hence that possible partial basis for the award made by the jury's verdict is also eliminated in determining the inquiry whether the verdict is excessive.

There was evidence upon which the jury might have predicated a finding, under count 3, that the injury was wantonly inflicted; and in reviewing the action of the trial court in overruling the motion, bringing into question the excessiveness vel non of the amount fixed in the verdict, appropriate account must be taken of the general rule announced in Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975, wherein the pertinent doctrine of Cobb v. Malone, 92 Ala. 630, 9 South. 738, was recognized as applying to cases involving a review of the action of the trial courts in denying the motion grounded in the claim that the verdict is excessive. Within the restricted bases for the ascertainment by the jury of the amount to be awarded plaintiff, and in view of the rule adverted to, we proceed to the always difficult task of deciding whether the trial court erred in overruling the motion for new trial on the ground that the verdict is excessive.

[5] The plaintiff, at the time she was injured, was 67 years of age. The evidence warrants the conclusion that she was then as vigorous and active, in all respects, as any woman of her age; that she had no ailments, no unusual symptoms of a waning of her physical or mental vigor. From phases of the evidence it was open to the jury to find that she endured intense pain and mental distress between the date of her injury and the date of the trial, June 26, 1919; that her ability to walk was seriously impaired, and medical opinion was presented to that effect; that her condition with respect both to the functions of her heart and general physical vigor had already and would in the future become worse; that she was confined to her bed a large part of the period stated; that her limbs were wholly insensible to pain, due, it is testified, to the injury to the nerves in her back (spinal column) when she was thrown to the floor and wall of the passenger coach in which she was traveling on this occasion. Taking her condition in the strongest light the evidence could, with any reason, cast upon it, and the whole data afforded by the record, our opinion is that the amount of the verdict ($25,000) is much too high. Under the evidence, $15,000 is, in the opinion of this court, the limit to which a calm, dispassionate judgment would warrant a recovery in the circumstances disclosed by this record.

This being the only error in the record, the appellee will be given 15 days in which to remit the excess in accordance with the provisions of the act approved September 17, 1915 (Gen. Acts, 1915, p. 610); but if the appellee does not so remit the excess indicated, the judgment will be reversed, and the cause will be remanded.

GARDNER and BROWN, JJ., entertained the view that, under the established rule, the judgment should not be here disturbed, and they so voted in consultation of the cause; but, as the other members of the court are of contrary opinion and have determined the question, these Justices do not desire further to record any dissent, but yield to the view of the majority, and therefore concur in the result.

Reversed and remanded conditionally.

All the Justices concur in the opinion, except GARDNER and BROWN, JJ., who concur in the result.

## On Rehearing.

McCLELLAN, J. [6] It is earnestly, elaborately argued in support of the application for rehearing that this court erred in reducing, contingently, the amount of the judgment from $25,000 to $15,000. As stated in the original opinion, the therein reproduced special charges 20 and 21, given at the request of the defendant (appellant), excluded as bases of recoverable damages the elements defined in those special instructions. The inquiry of excessiveness vel non in the amount of the verdict, presented by the motion for new trial, could not, under the practice always prevailing in this state, be affected by recourse to the further inquiry whether the court erred, in instructing the jury, in defining or limiting the measure or elements of recoverable damages; and so for the reason that, in civil cases, it is the unqualified duty of a jury to heed and to observe the instructions given by the court. Other jurisdictions seem to recognize and administer a rule that serves to avert reversible error in instructions by referring the jury's verdict to the law of the case which the court had erroneously mistaken in directing the jury. In civil cases, the view in this state has been that a different practice from that observed here would sanction, if not invite, a confusing, if not rebellious, conflict in the exercise of the distinct functions of the court and of the jury; the court being the only source of declarations of "the law of the case" on trial. Hence, when the question is, Is the verdict excessive in amount, and, if so, to what extent? (Gen. Acts, 1915, p. 610), the measure and elements of recoverable damages as defined by the court in instructing the jury must be the standard whereby to determine, in ruling on motion for new trial, the issues stated; for it is to be assumed, if not otherwise shown, that the jury observed its duty to heed the law expounded by the court, and to apply that law in discharging its functions in the premises. The doctrine that operates to estop an appellant to assert error where he invited

its commission cannot be extended so as to apply in this instance, for that the particular error committed, prejudicial to appellant, lies in the trial court's action in overruling the motion for new trial, wherein complaint was made that the verdict was excessive, and not through instruction of the jury.

The brief for rehearing asserts that the opinion on original submission states that there was no evidential data showing expenses incurred for medical attention. No such statement appears in that opinion. It is therein stated that there was no data afforded upon which an award of substantial damages could have been made for the diminution or loss of earning capacity, resulting from a permanent injury.

The court has again considered the ground of the contingent reversal ordered entered, in the light of the argument in brief for appellee in support of the application for rehearing. The court remains convinced of the correctness of its original conclusion. The application for rehearing is denied.