### BEARD v. SAILORS. (7 Div. 297.)

(Supreme Court of Alabama. April 13, 1922.)

1. **Appeal and error ⬦1005(3) — Error in overruling motion for new trial cannot be considered, where evidence conflicting.**

Any error of the trial court in overruling a motion for a new trial cannot be considered, where the evidence is conflicting.

2. **Trial ⬦76—Refusal to exclude incompetent evidence held not error, where evidence on same point was admitted without objection.**

In an action of detinue, the overruling of an objection to the question, "It was for a felony?" asked plaintiff on cross-examination, was not error, where plaintiff had previously testified on cross-examination without objection that he had served a term in the penitentiary for conviction of a felony, and testified on his rebuttal that the conviction was for manslaughter.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Detinue by J. B. Beard against Mrs. S. B. Sailors. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Riddle & Riddle, of Talladega, for appellant.

The purchaser from the mortgagee, after the law day of the mortgage, can maintain detinue for the property. 132 Ala. 380, 31 South. 748; 129 Ala. 359, 29 South. 658. By her acts the defendant estopped herself from setting up title to the property as against the innocent purchaser. 126 Ala. 535, 28 South. 517. The witness could not be impeached in the manner attempted. Section 4008, Code 1907. The court should have set aside the verdict, because of charges B and 11, given for the plaintiff, which were ignored by the jury. 204 Ala. 350, 85 South. 765.

Knox, Acker, Dixon & Sims, of Talladega, for appellee.

The issues were for the jury, and were properly submitted to the jury. 92 Ala. 630, 9 South. 738. No error was committed in the admission of evidence. 147 Ala. 35, 41 South. 774.

McCLELLAN, J. Detinue, for the recovery of about 200 bushels of corn, instituted by appellant against appellee. The jury resolved the issues of fact in favor of the defendant. Beard, the plaintiff, claimed the right to the corn through its purchase from the defendant, or from the defendant and one Edwards, or from Edwards, the defendant being present during the negotiations and at the consummation of the sale by Edwards to Beard, consenting to or advisedly acquiescing in the sale, the proceeds of which were to go and did go as a credit on defendant's mortgage debt to Edwards. Through special instructions, given at the request of plaintiff, the estoppel suggested by defendant's asserted conduct at or about the sale was defined, and the jury was advised of its concluding effect in plaintiff's favor, if the facts and circumstances raising the estoppel were found by the jury to be established. The defendant, a woman 77 years of age, testified to her enfeebled condition at the time, and denied substantially the view the plaintiff's witness took of the occurrences on the occasion in question. The court left the material issues to the jury's decision.

[1] The court overruled the motion for new trial. In view of the conflicting, orally delivered evidence—the credibility of which was a matter for the jury's peculiar consideration—error in overruling the motion cannot be affirmed on this record. Cobb v. Malone, 92 Ala. 630, 9 South. 738, among others in its line.

[2] Recalled for cross-examination, plaintiff testified:

" * * * It is true that I served a term in the penitentiary. The conviction was for a felony."

There was, as appears, no objection at the time to this testimony. Thereupon the defendant's counsel propounded this question, "It was for a felony?" The plaintiff's objection that it was not shown that the conviction was of an offense involving moral turpitude was overruled, the witness answering

in the affirmative. The objection was vain, as was also the question, the witness having theretofore, without objection in any form, stated the same fact sought by the question. Later plaintiff was called in his rebuttal, and then himself testified that his conviction was of manslaughter. The plaintiff's counsel "again objected to the testimony as to plaintiff being convicted of anything." The objection came too late. Hudson v. State, 137 Ala. 60, 63, 64, 34 South. 854; Dowling's Case, 151 Ala. 131, 44 South. 403; Downey's Case, 115 Ala. 108, 111, 22 South. 479. No objection being seasonably made, the trial court cannot be put in error for overruling plaintiff's motion to exclude. Kramer v. Compton, 166 Ala. 216, 222, 52 South. 351; Jarvis v. State, 138 Ala. 17, 37, 34 South. 1025, among others therein cited. Where the testimony is illegal or irrelevant, the trial court has, under the circumstances just stated, a discretion to exclude on motion; but the movant has no right to have such unobjected matter excluded on motion. Authorities supra.

In view of the consideration stated, it is hardly necessary to add that the plaintiff was not entitled to general affirmative instructions in his behalf. The witness George McKee subsequently testified, without objection, to the matter sought by the question—excluded by the court on defendant's objection—set out in the first assignment of error. No prejudice resulted from the ruling indicated.

The verdict—attained by the jury on conflicting evidence—did not involve or manifest an ignoring of instructions B and II, given for plaintiff, within the rule of Hines v. Wimbish, 204 Ala. 350, 85 South. 765. If the jury—as it evidently did—accorded credit to defendant's evidence, rather than. that given for plaintiff, the effect of such a finding was to conclude against hypotheses of fact recited in the instructions mentioned.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.