### ALABAMA POWER CO. v. GOODWIN.
### (7 Div. 402.)

(Supreme Court of Alabama.    Oct. 18, 1923.
Rehearing Denied Dec. 6, 1923.)

I. Damages ⬠133—$5,000 held not excessive for loss to husband from permanent injuries to wife.

$5,000 *held* not excessive for losses to a husband in consequence of permanent injuries to his wife, one of whose limbs would always be shorter than the other, whose disability to move about and discharge household or other duties might continue for years, if not for life, and during whose more acute illness plaintiff had served as a nurse.

2. Damages ⬠172(2)—Nature of wife's injuries held admissible in husband's action for loss.

In a husband's action for losses from injuries to his wife, testimony that she lost blood, that a plaster cast incased a broken limb, and that she was unable to go to church or teach their daughter her lessons, *held* properly admitted to advise the jury of the character and extent of the deprivation inflicted on plaintiff.

3. Appeal and error ⬠221—Defendant held not entitled to complain of amount of verdict.

In a husband's action for losses from injuries to his wife, defendant could not complain on appeal that the aggregate amount of the physician's charges and those of plaintiff for his services as nurse, was unjustified when itemized, in the absence of cross-examination to disclose such fault.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages by W. P. Goodwin against the Alabama Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Dortch, Allen & Dortch and Hood & Murphree, all of Gadsden, for appellant.

The verdict of the jury was excessive, and the motion for new trial should have been granted. Thompson v. So. Ry., 17 Ala. App. 406, 85 South. 591; N., C. & St. L. v. Crosby, 194 Ala. 338, 70 South. 7; C. of G. v. White, 175 Ala. 60, 56 South. 574; Twinn Tree Lbr. Co. v. Day, 181 Ala. 565, 61 South. 914. The husband could not recover for the wife's suffering, but only for pecuniary loss of her services. A. C. G. & A. Ry. v. Appleton, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; Sou. Ry. v. Crowder, 135 Ala. 417, 33 South. 335.

Goodhue & Goodhue, of Gadsden, for appellee.

Damages awarded were not excessive. Furnish v. Mo. Pac., 102 Mo. 669, 15 S. W. 315, 22 Am. St. Rep. 800; Birmingham So. Ry. v. Lintner, 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461; 21 A. L. R. 1517.

PER CURIAM. The action is for damages, instituted by appellee, the husband of Dora Brindley Goodwin, to recover compensation for losses suffered by him in consequence of personal injuries inflicted upon his wife while a passenger on appellant's interurban railway line. The jury's verdict is for $5,000. The motion for new trial was overruled. The appeal from a judgment in favor of Mrs. Goodwin in her separate action is pending on submission here.

Only four propositions are urged for appellant as basis for the imputation of error in judgment under review. They will be considered in the order of their presentation.

It is insisted that the verdict is excessive; so when measured by the principles of law, undisputed in this cause, which allow the husband, as such, compensation for the loss or losses he, as husband, sustains by reason of the wrongful injury of his wife. The elements and measure of damages in such circumstances are amply stated in Sou. Ry. Co. v. Crowder, 135 Ala. 417, 33 South. 335; Ala. G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; among others. Reiteration is not necessary at this time.

[1] There was evidence which, if accredited by the jury, authorized the awarding of the amount stated in the verdict. There was evidence designed to show that the injury to plaintiff's wife was permanent; that one limb would always be from one to two inches shorter than the other; that her disability to move about might endure for years, if not for life; that her physical capacity to dis-

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

charge household and other duties had already been long suspended and that such incapacity might continue for years, if not for life: and that the husband (the plaintiff) had, during the wife's more acute illness from her injuries, served, in a sense, as nurse to her. Further statement of evidence designed to show the character and extent of the deprivation occasioned the husband (plaintiff) by his wife's injuries is not necessary to justify the conclusion that error cannot be imputed to the trial court in overruling the ground of the motion for new trial questioning the amount of the verdict.

[2] Twenty-six of the errors assigned refer to rulings of the court on the reception of testimony that the appellant contends introduced, as improper factors, testimony that served to afford basis or bases for the awarding of damages to the husband (this plaintiff) to which he could not be entitled. Illustrative of the contention thus made, and so according to the method the brief pursues, it is insisted for appellant that the court erred in admitting testimony directed to showing that the wife lost blood immediately upon the injury, and when placed in bed at the Gadsden hospital, and subsequently; that the plaster cast incased the broken limb; that she is not able to go to church; and that Mrs. Goodwin was incapacitated to teach their daughter her lessons. Testimony with respect to these matters, and others similar, was properly received in evidence for its service in advising the jury, if it so concluded, of the character and extent of the deprivation the injury to plaintiff's wife inflicted upon the husband, the plaintiff. The jury were well instructed in accordance with the theory upon which appellant's assignments of error, in this aspect, proceed.

[3] The argument referable to the reasonable value of medical services rendered by Doctor Savage and to the testimony of the plaintiff wherein he affirmed $1,200 to $1,500 to be the reasonable value of his services in the case of his wife, while ill in hospitals and at home, would not justify a finding of error in these particulars. Doctor Savage's testimony warranted the trial court in declining to decide that the X-rays of the limb made by him were not made with a view to the treatment of plaintiff's wife, or were made "for the trial" only. If the aggregate of the charges stated by Doctor Savage and by the husband for his services in the capacity of nurse to his wife were unjustified when itemized, it was the office of cross-examination to disclose the fault.

Where inappropriate or extraneous matter is included in a transcript or bill of exceptions in a record, it may be eliminated by proper motion interposed before submission. No such motion was made in this instance to eliminate the opening address of counsel to the court and jury before the taking of evidence was begun.

There is no error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

NOTE.—The foregoing opinion was prepared by Justice McCLELLAN before his resignation, and is adopted by the court.