(99 South. 643)

SHELBY IRON CO. et al. v. MORROW.
(7 Div. 429.)

(Supreme Court of Alabama. Feb. 7, 1924. Rehearing Denied April 17, 1924.)

I. Highways ⚖➡208(1)—Count held not demurrable for failure to allege leaving of overturned tractor at roadside for unreasonable time.

A count of a declaration, charging the negligent leaving of a tractor overturned by a roadside "for an unreasonable length of time * * * to wit, three hours," in such a manner as to frighten a reasonably gentle animal, held not demurrable for failure to allege that the tractor was left in the position complained of for an unreasonable length of time; reasonableness of such time being a jury question.

2. Highways ⚖➡213(2) — Denial of general charge for defendant in action for injuries for negligent leaving of tractor overturned by roadside held not error.

In an action for injuries caused by the negligent leaving of a tractor overturned by the roadside in a manner that frightened plaintiff's mule, where the declaration was broad enough to constitute a complaint of the manner in which the tractor was left, as well as the length of time which it was left, refusal of a requested general charge for defendant on the ground that the tractor could not have been removed within the time alleged in the declaration held not error.

3. Highways ⚖➡214—Instructions as to liability for leaving tractor beside road unreasonable time held properly denied.

Where the declaration in an action for injuries caused by the leaving of a tractor overturned by the roadside in a manner that frightened plaintiff's mule, where the complaint was broad enough to allege negligence in the manner of the leaving, as well as the length of time it was left, instructions to find for defendant, if its removal, without help, was impossible, or if it was not left for an unreasonable time, in view of its weight and the means of removal at hand, held properly denied.

4. Trial ⚖➡240, 244(4) — Instructions held properly denied as argumentative and giving undue prominence to part of evidence.

Instructions in an action for injuries from the leaving of a tractor overturned by the roadside in a manner that frightened plaintiff's mule held properly denied as being argumentative and singling out and giving undue prominence to part of the evidence.

5. Trial ⚖➡260(1)—Denial of requested instruction covered by another given not error.

Denial of requested instruction covered by another given is not error.

Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge.

Action by Walter E. Morrow against the Shelby Iron Company and Frank Smith for damages for injuries resulting from the frightening of a mule driven by plaintiff. From a judgment for plaintiff, defendants appeal. Affirmed.

These requested charges were refused to defendant:

"(8) The court charges the jury that the burden is upon the plaintiff to reasonably convince you from the evidence in this case that the tractor was left in the position and condition the same was in at the time plaintiff received his injury for an unreasonable time, and in weighing the testimony and arriving at what was a reasonable time you may take in consideration the weight of the tractor, the means at hand for the moving of same, and the physical force necessary to remove the said engine.

"(9) The court charges the jury that the

law does not require of any one the impossible, and, if you find from the evidence that defendant's agents were not physically able to have removed the engine, then in such event they were not guilty of negligence in going for help."

"(28) The court charges the jury that in arriving at what was a reasonable time in which defendant should have removed the tractor from the point where it was at the time plaintiff received his injury you should take in consideration the weight of the tractor, the place at which it was turned over, and the means necessary to remove the same from said point.

"(29) The court charges the jury that, unless you believe from the evidence that defendant was negligent in not removing the tractor engine between the time the same was turned over and the time plaintiff received his injuries, your verdict should be for the defendants.

"(30) The court charges the jury that before you can find a verdict for plaintiff you must find from the evidence in this case that defendants were negligent in not removing the tractor from the place where it was located between the time the same was turned over and the time plaintiff received his injuries.

"(31) The court charges the jury that the burden is on plaintiff to reasonably satisfy you from the evidence in this case that if defendant used the diligence of an ordinarily prudent man the tractor would have been removed between the time the same was turned over to the side of the road and the time plaintiff received his injuries."

Leeper, Haynes & Wallace, of Columbiana, for appellants.

Temporary obstructions in a highway or street are permissible under some circumstances for the benefit or convenience of the individual, unless of such a character as to be a nuisance per se. B. R., L. & P. Co. v. Smyer, 181 Ala. 121, 61 South. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863; Wells v. Gallagher, 144 Ala. 365, 39 South. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; Shelby I. C. v. Morrow, 209 Ala. 116, 95 South. 370. During a reasonable time, if the object is not dangerous and of nature not to constitute a nuisance per se, its presence in or alongside the street or highway would be neither an obstruction nor a nuisance. Cutter v. City of Des Moines, 137 Iowa, 643, 113 N. W. 1081; Fritsch v. City of Allegheny, 91 Pa. 226; Wheeler v. City of Ft. Dodge, 131 Iowa, 566, 108 N. W. 1057, 9 L. R. A. (N. S.) 146; Shelby I. Co. v. Morrow, supra. There was no notice to defendants of any dangerous obstruction in or alongside the highway. As the tractor engine did not constitute an obviously dangerous obstruction, no constructive notice could be inferred. Cain v. Syracuse, 95 N. Y. 83; McGinity v. New York, 12 N. Y. Super Ct. 674; Requa v. Rochester, 45 N. Y. 129, 6 Am. Rep. 52; Hart v. Brooklyn, 36 Barb. 228. The right of the public to the free and unobstructed use of the highways is subject to reasonable and necessary limitations, and to such incidental, temporary, or partial obstructions as manifest necessity may require. Webster v. Chicago Ry. Co., 158 Fed. 769, 86 C. C. A. 125, 42 L. R. A. (N. S.) 568; Simon v. Atlanta, 67 Ga. 618, 44 Am. Rep. 739; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831; note 20 L. R. A. (N. S.) 600; Tolman & Co. v. Chicago, 240 Ill. 268, 88 N. E. 488, 24 L. R. A. (N. S.) 97, 16 Ann. Cas. 142; Ind. Ry. Co. v. Calvert, 168 Ind. 321, 80 N. E. 961, 10 L. R. A. (N. S.) 780, 11 Ann. Cas. 635; 13 R. C. L. 179.

Longshore, Koenig & Longshore, of Columbiana, for appellee.

In an action to recover damages for alleged negligence, the complaint is sufficient, if it alleges a duty owing the plaintiff by the defendant, or states facts from which the law will imply a duty. Wells v. Gallagher, 144 Ala. 363, 39 South. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; Birmingham E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 South. 164; 20 Standard Enc. of Procedure, 313; Shelby I. Co. et al. v. Morrow, 209 Ala. 116, 95 South. 370. It is the duty of individuals or corporations who obstruct or otherwise create a dangerous place in streets or highways to use reasonable care to warn travelers of its existence, and they are liable in damages for any injuries proximately resulting from their failure to do so. 1 R. C. L. 1217; Heinmiller v. Winston Bros., 131 Iowa, 32, 107 N. W. 1102, 6 L. R. A. (N. S.) 150, 117 Am. St. Rep. 405; Water Co. v. Whiting, 58 Kan. 639, 50 Pac. 877; City of Anniston v. Ivey, 151 Ala. 302, 44 South. 48. Where a person has knowledge of the presence of an object, in or on edge of public highway, naturally calculated to frighten a mule of ordinary gentleness, failure to give such person warning or notice of its presence would not be the proximate or even remote cause of injury to him, resulting from his mule taking fright at such object and running away. Haller v. St. Louis, 176 Mo. 606, 75 S. W. 613.

ANDERSON, C. J. [1] This is the second appeal in this case. 209 Ala. 116, 95 South. 370. The only count upon which the case was tried was count G, which was added by an amendment after the cause was reversed on former appeal. Count G is practically the same as count F which was discussed and considered upon the former appeal, except that it contains an additional averment that the defendants "negligently caused or allowed said tractor engine for an unreasonable length of time prior to said injury, to wit, three hours to remain at said place and in said position and condition without leaving some warning or notice to travelers driving animals along said road of the presence of said tractor engine at said place and in said position and condition." The above

quoted part of the count was evidently intended to meet the only infirmity of the complaint as pointed out in the opinion on former appeal and sufficiently does so unless this court can hold as matter of law that three hours was not an unreasonable time for leaving conditions as they are set forth. As to what was a reasonable time to remove the danger, that is, to remove the tractor or to readjust it or clear the view or otherwise render it less liable to frighten animals passing in the event the tractor could not then be removed was a question for the jury. As said in the former opinion, "The averment of such reasonable time or necessity was a material inquiry for the jury under the circumstances averred." We therefore hold that the trial court did not err in overruling the defendants' demurrers to count G.

[2, 3] There was no error in refusing the defendants' requested general charge. Whether the tractor could or could not have been moved within the time specified was no sufficient answer to the complaint, as it is broad enough to cover the condition in which it remained, and is not based solely upon a failure to remove same. The jury could have inferred negligence from a failure to readjust the tractor or a failure to clear away the weeds or bushes or to place a signal or warning at the point in the event it was not or could not have been removed within a reasonable time. For the same reason there was no error in refusing the defendants' requested charges 9, 29, 30, and 31.

[4] There was no error in refusing defendants' requested charge 8. It is argumentative and singles out and gives undue prominence to a part of the evidence. Charge 28 is also argumentative.

[5] Charge 24, whether good or bad, was substantially covered by given charge 13.

The judgment of the circuit court is affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.