(106 So. 239)
**ALABAMA POWER CO. v. GOODWIN.**
(7 Div. 537.)

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Evidence ⬉43(2)—Court judicially knows its own records in case.**

The court judicially knows its own records in case and that the last verdict was materially in excess of the former.

**2. Trial ⬉133(6) — Argument that counsel would be willing to have defendant's lawyers on jury held not to require reversal, in view of instructions to disregard.**

Plaintiff's argument that he would be willing to have defendant's lawyers on the jury, where court sustained objection and excluded statement from jury, admonishing counsel to confine himself to the evidence, *held* not to require reversal, being mere expression of opinion and not based upon a statement of facts not in evidence.

**3. Damages ⬉168(2)—Plaintiff's testimony as to medical treatment in hospital admissible.**

In action for personal injuries, where plaintiff suffered from colitis, her testimony as to medical treatment while in hospital, and under defendant's care, and of her taking purgatives *held* relevant as tending to show her physical condition and treatment while confined by her injuries.

**4. Appeal and error ⬉204(1)—Error in admission of testimony not reversible, in absence of objection.**

Error in the admission of testimony is not reversible, in the absence of objection to its introduction.

**5. Evidence ⬉514(4)—Exclusion of testimony that motorman was careful operator and had never had accident not error.**

In passenger's action for personal injuries, where expert had testified that motorman was a skilled operator, exclusion of further testimony of him and another witness that he was a careful operator, and had never had an accident in operation of street car, and was a careful and prudent motorman, *held* not error.

**6. Damages ⬉182—Evidence of discharge of motorman incompetent.**

In action against street railroad for personal injuries, evidence that offending motorman, responsible for injuries, had been prompt-

ly discharged, *held* not competent in mitigation of damages.

**7. Damages ⬦182—Exclusion of evidence of details of medical and surgical attention and the expense thereof not error.**

In action against street railroad for personal injuries, where evidence that defendant had provided medical and surgical treatment of plaintiff in hospital had been admitted, exclusion of evidence offered by defendant as to details of that attention and the expense thereof *held* not error.

**8. Trial ⬦244(4)—Refusal of charge emphasizing certain portion of evidence not error.**

In action against street railroad for personal injuries, refusal to charge jury that they might consider defendant's efforts to relieve plaintiff's pain and suffering on the matter of punitive damages, although asserting a correct principle of law, was not error, as it gave undue prominence to certain portion of evidence.

**9. New trial ⬦76(1)—Large discrepancy between awards on different trials of same case pertinent in consideration of excessiveness of damages.**

That there was a large discrepancy between the two awards of damages by respective juries in trials of the same case is a pertinent fact to be considered on the question of excessive damages.

**10. Appeal and error ⬦1140(1)—Damages ⬦130(1)—$20,000 held excessive for injuries to woman.**

$20,000 *held* excessive for injuries to a married woman more than 53 years old who was suffering from chronic colitis, and had no earning capacity, and who would probably not continue to suffer for life to any considerable degree, especially where her expenses of treatment and illness had been met by defendant, and reduced to $13,500, in view of Acts 1915, p. 610.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages for personal injury by Dora Brindley Goodwin against the Alabama Power Company. From a judgment for plaintiff for $20,000, defendant appeals. Reversed and remanded conditionally.

O. R. Hood and Dortch, Allen & Dortch, all of Gadsden, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

The trial court erred in overruling defendant's motion for new trial because of excessiveness of the verdict and of improper argument of counsel for plaintiff. C. of G. v. White, 175 Ala. 60, 56 So. 574; U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; Standard Oil Co. v. Humphries, 209 Ala. 493, 96 So. 629; M. L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 So. 205; Gadsden Gen. Hosp. v. Hamilton, 212 Ala. 531, 103 So. 553; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Metropolitan L. Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130. It was competent to show that the motorman was not negligent or careless, and also that said motorman had been discharged. U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; 17 C. J. 997. Defendant should have been permitted to show the attention furnished by it to plaintiff. 17 C. J. 926, 997; B. R., L. & P. Co. v. Anderson, 163 Ala. 72, 50 So. 1021. Requested charges that such treatment might be considered in the assessment of damages should have been given. 17 C. J. 926; B. R., L. & P. Co. v. Anderson, supra; Ala. Power Co. v. Goodwin, 210 Ala 657, 99 So. 158.

Goodhue & Lusk, of Gadsden, for appellee.

The verdict is not excessive. C. of G. v. White, 175 Ala. 60, 56 So. 574; Shaw v. Boston, etc., 8 Gray (Mass.) 45; Ill. Cent. v. Johnston, 205 Ala. 1, 87 So. 866. There was no prejudice produced by the argument of counsel, which was excluded by the court. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Anderson v. State, 209 Ala. 36, 95 So. 171; B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 So. 359; Tea Java Co. v. Saxon, 207 Ala. 33, 91 So. 885; Clark Pratt Cotton Mills v. Bailey, 201 Ala. 333, 77 So. 995; Hanners v. State, 147 Ala. 27, 41 So. 973. There was no error in rulings on evidence with reference to the motorman. 22 C. J. 743; Montgomery v. Devinney, 200 Ala. 135, 75 So. 883; Montgomery v. Edmonds, 41 Ala. 667; 26 Cyc. 1435; 10 C. J. 1044. Charges 1 and 3 were properly refused. Bancroft v. Otis, 91 Ala. 291, 8 So. 286, 24 Am. St. Rep. 904; Sou. Ry. v. Smith, 177 Ala. 370, 58 So. 429; Rutherford v. Dyer, 146 Ala. 672, 40 So. 974; Hanchey v. Bruson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Miller v. Whittington, 202 Ala. 406, 80 So. 504; Councill v. Mayhew, 172 Ala. 295, 55 So. 314; Shelby Ir. Co. v. Morrow, 211 Ala. 125, 99 So. 643.

THOMAS, J. [1] This is the second appeal. 210 Ala. 657, 99 So. 158. The case of the husband for injury to the wife is Alabama Power Co. v. Goodwin, 210 Ala. 388, 98 So. 124, and was affirmed. The court judicially knows its own records in said case. N. C. & St. L. R. Co. v. Crosby, 194 Ala. 338, 350, 70 So. 7. Therefore it knows that the last verdict was materially in excess of the former. The several assignments of error insisted upon in argument are sought to be considered in the order of presentation by counsel. The counts of the complaint as amended are not subject to the grounds of demurrer assigned thereto and insisted upon in argument of counsel.

[2] It is urged that the trial court should have set aside the verdict of the jury on grounds assigned in appellant's motion for a

new trial. We come to consider the ground that counsel for plaintiff, in making the closing argument to the jury on behalf of the plaintiff, said: "I would be willing to have defendant's lawyers on the jury." At this point in the argument defendant objected, the court sustained the objection, excluded the statement from the jury, and said to the offending counsel: "Confine yourself to the evidence," and exception was reserved. The remark of counsel is not within the class of highly prejudicial remarks, and its probable effect on the jury held to be ineradicable "by exclusion and rebuke of counsel." Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 133; A. G. S. R. Co. v. Grauer, 212 Ala. 197, 102 So. 125; Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Watts v. Espy, 211 Ala. 502, 101 So. 106.

The observation of counsel to which exception was taken, though highly improper, was different from that discussed in B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037. There the statement was:

"I know that if he [counsel for defendant] was on the jury trying this case that he would render a verdict in favor of the plaintiff in a large amount."

This was a statement of fact of which there was no evidence and of which evidence would not have been admissible if offered. The instant exception is based not upon a statement of fact not in evidence, but a mere expression of opinion by plaintiff's counsel that was improper, and which was excluded, and counsel duly rebuked therefor by the court in the presence of the jury. Each case of this character must be decided upon its own merits. Anderson v. State, 209 Ala. 36, 95 So. 171; Milton v. State (Ala. Sup.) 105 So. 209;[1] B. R., L. & P. Co. v. Gonzales, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; T. R. Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266.

[3-5] A ground insisted upon by appellant is that the trial court committed reversible error in permitting plaintiff to testify of her medical treatment while in the hospital under defendant's care. The evidence of her taking purgatives while in the hospital was without objection. It was relevant as tending to show her physical condition and treatment while confined by her injuries, and also relevant as showing an effect of those injuries or the confinement in the hospital as to the colitis with which she suffered. If it had not been material as a part of plaintiff's hospital treatment as shown by her testimony and that of Dr. Benedict, no reversible error would have intervened at the trial, since there was no objection to the evidence on its introduction. Provident Life & Accident Ins. Co. v. Priest (Ala. Sup.) 103 So. 678.[2] There was no error in declining to allow the witnesses Martin and Summerlin to testify that Taylor, the motorman operating the car in question, was a careful operator, or had never had an accident in the operation of a street car, or was a careful and prudent motorman, etc. The witness Martin had qualified as an expert, and had testified that he had seen Taylor operating the street car as motorman, and that he was a "skilled operator." The objection to defendant's question whether he was a negligent or a careful operator as a motorman was properly sustained for the reason stated by the court to counsel:

"You have shown that he was a skillful operator; that is as far as you can go. You have already shown that." Montgomery L. & T. Co. v. Devinney, 200 Ala. 135, 75 So. 883; Montgomery & W. P. R. Co. v. Edmonds, 41 Ala. 667.

The questions of authority of an agent or ratification by the principal were the subject of U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520, and not applicable to the instant rulings on evidence.

[6] So also it was not competent for defendant to show by way of mitigation of damages that it promptly discharged from its service the offending motorman causing or responsible for plaintiff's injuries. 10 C. J. 1044; 27 C. J. 1433. There was no issue in this case of incompetence of the motorman, as was discussed in First Nat. Bk. of Montgomery v. Chandler, 144 Ala. 286, 39 So. 822, 113 Am. St. Rep. 39.

[7] The fact was given in evidence that defendant provided the maintenance, treatment—medical or surgical—of plaintiff in the hospital. There was no error in denying defendant the right to go into details as to that attention and the expense thereof. No question of set-off was or may be presented in that behalf.

[8] Refused charges 1 and 3, requested by defendant, are assigned as error. The court in the oral charge did not embrace the matter sought to be thus presented, and was invoked thereto by the special charges. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4. The office of the charges was to call to the attention of the jury that it was permissible, if it was deemed right by the jury under all the evidence in the consideration of the question and amount of punitive damages to be allowed the plaintiff, to also consider defendant's efforts to relieve plaintiff's pain and suffering in the manner and to the extent shown by the evidence. The expression in original opinion, "as an instruction to the jury by the trial judge such a statement would certainly be indefensible," was explained, on rehearing, in the statement, "The trial judge could not have properly instructed the jury either to consider or to disregard the evidence referred to by defendant's counsel in the statement in ques-

---

[1] 213 Ala. 449.  [2] 212 Ala. 576.

tion in their consideration of punitive damages." This was not the statement that the court may not instruct the jury that the jury may consider (if they saw fit) said evidence with all the evidence in the determination of the punitive damages deemed just and right to be awarded; that is to say, the explanation on rehearing was that the court may not invade the province of the jury by instructing that the jury should or should not consider such facts in the exercise of a sound discretion of the jury. When all the evidence is being considered, the jury may consider the facts indicated in the charges with the other evidence in the ascertainment of proper damages to be awarded. Although a charge asserts a correct principle of law, it may be refused if it gives undue prominence to a certain portion of the evidence. It follows that we will not reverse for the refusal to give defendant's requested charges 1 and 3 as being within the rule (Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904; Council v. Mayhew, 172 Ala. 295, 55 So. 314; Hanehey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Southern Ry. Co. v. Smith, 177 Ala. 367, 58 So. 429; Miller v. Whittington, 202 Ala. 406, 80 So. 499; Shelby Iron Co. v. Morrow, 211 Ala. 125, 99 So. 643), denying the right of a party litigant to single out and give undue emphasis to a part of the evidence.

[9, 10] A consideration of the motion for a new trial convinces us that it should have been granted on the ground that the verdict was grossly excessive. Hines, Dir. Gen., v. Wimbish, 204 Ala. 350, 85 So. 765. The evidence is not satisfying that, to any considerable degree, plaintiff will continue to endure pain and suffering during the balance of her natural life. Plaintiff was a married woman, more than 50 years of age, suffering with chronic colitis, and had no earning capacity. Her expense of consequent treatment and illness had been met by defendant, or is not claimed in this suit. There had been two trials on practically the same evidence as to the extent of plaintiff's injuries and damage, and there was a large discrepancy between the two awards of damages by the respective juries. Cent. of Ga. Ry. Co. v. White, 175 Ala. 60, 63, 56 So. 574. This is a pertinent fact to be considered on the motion.

The court is of opinion, therefore, that the amount of damages awarded was greatly excessive, and, proceeding, in the absence of other reversible error, to assess the just and proper amount of recovery in the cause, as required by the rule of law obtaining in the premises (Alabama Power Co. v. Talmadge, 207 Ala. 86, 97, 93 So. 548; Acts 1915, p. 610), the court fixes upon the sum of $13,500 and interest thereon, and it is ordered that the judgment in this cause be reversed and the cause remanded, unless plaintiff, within 20 days from the date hereof, remit all damages in excess of said amount, in which event the judgment will be affirmed. Appellee will be entitled to interest on the foregoing amount from date of the judgment, but not to statutory penalty.

Reversed and remanded conditionally.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

