(117 So. 72)

### SAUNDERS SYSTEM BIRMINGHAM CO. v. ADAMS. (6 Div. 991.)

Supreme Court of Alabama. April 12, 1928.

Rehearing Denied May 31, 1928.

1. Automobiles ☞391—One letting automobile for hire must exercise reasonable diligence to know its condition by making simple, available tests, suggested by intended use.

One who lets an automobile for hire, with knowledge or notice that it will be used on public highways, thus involving probable danger to others than driver, must exercise reasonable diligence to know its condition by making such simple and available tests as intended

use would suggest to sensible and right-minded persons, though not a guarantor of its absolute integrity.

**2. Automobiles ☞391—Whether one letting automobile for hire made proper tests of its condition is for jury.**

Whether one letting automobile for hire made such simple and available tests of its condition as intended use thereof on public highways would suggest to sensible and right-minded persons, is for jury to determine.

**3. Automobiles ☞391—Duty of one letting automobile for hire to exercise reasonable diligence to know its condition is legal as well as contractual (Code 1923, § 6264).**

Duty of one letting automobile for hire to exercise reasonable diligence to know its condition arises not entirely out of contract, but out of obligations imposed by law on everyone in his dealings with his fellows, and is in agreement with legislative policy shown by Code 1923, § 6264, requiring adequate brakes in good-working order.

**4. Automobiles ☞391—Most general allegations of negligence are sufficient to state cause of action against one letting automobile for hire for injuries caused by hirer.**

Only the most general allegations of negligence, little short of mere conclusions, are required to state cause of action against one letting automobile for hire for injuries tô one struck thereby while being operated by hirer.

**5. Automobiles ☞391—Allegation that plaintiff was injured as proximate "consequence" of defendant's negligence sufficiently alleged that such negligence proximately "caused" injuries.**

Allegation of complaint, in action for injuries to one struck by automobile, that plaintiff was injured as proximate "consequence" of defendant's negligence, sufficiently alleged that defective and dangerous condition of brakes proximately "caused" her injuries.

**6. Automobiles ☞391—Refusal of charges that one letting automobile for hire is not liable for injuries thereby, if its speed was sole proximate cause or driver did not use alleged defective brake in time, held erroneous.**

In action for injuries to one struck by automobile, driven by one to whom let for hire by defendant, refusal of defendant's charges, warranted by evidence, that defendant would not be liable, if sole proximate cause of injuries was rapid rate of speed at which car was being driven, or driver did not use alleged defective brake until she was so close to plaintiff that it would have been impossible to avoid striking her with brakes in good condition, *held* erroneous.

**7. Trial ☞191(7)—Refused charge that defendant is not liable for injuries, if rapid rate of speed at which automobile was being driven by hirer was sole proximate cause, held not erroneous as assuming fact.**

In action for injuries to one struck by automobile, let to driver for hire by defendant, refused charge that defendant would not be liable, if sole proximate cause of injuries was rapid rate of speed at which it was being driven, *held* not erroneous as assuming that car was being driven at rapid rate of speed.

**8. Automobiles ☞391—Charge that burden was on plaintiff to show that defendant's agent or servant had knowledge, or by reasonable care could have ascertained that automobile brakes were defective, held properly refused.**

In action for injuries to one struck by automobile, let to driver for hire by defendant corporation, charge that burden was on plaintiff to show that defendant's agent or servant, who rented car to driver, had knowledge of defective brakes or could have ascertained such fact by exercising reasonable care and skill in inspecting car, *held* properly refused as limiting duty of inspection to such agent or servant, whereas such duty rested on defendant.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Jett E. Adams against the Saunders System Birmingham Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count D of the complaint is as follows:

"Count D. Plaintiff claims of the defendant the sum of $2,999.99 as damages, for that, on to wit, the 18th day of May, 1925, the defendant was engaged in the business of renting cars to the public for hire to be used on the public streets and avenues of the city of Birmingham, Jefferson county, Ala.; that on to wit, said day and date last aforesaid, the defendant rented one of its said cars to Mrs. Bertie Green, in said city, county and state, with the brakes of said car in a defective and dangerous condition, and thereafter while the said car so rented as aforesaid was being driven by the said Mrs. Bertie Green on one of the public streets of Birmingham, Ala., to wit, 21st street, at its intersection with 2nd Avenue North, the said Bertie Green applied said defective brakes, the said defective brakes failed to stop said car because of the defective condition of said brakes and the said car was run against the plaintiff, and plaintiff was thereby caused to suffer the injuries and damages set out in the first count of her complaint.

"And plaintiff avers that the defendant negligently rented said car to said Mrs. Bertie Green, with the brakes of said car in a defective and dangerous condition, and as a proximate consequence of said negligence of the defendant, the plaintiff was injured and damaged as set forth in count one of her complaint."

These charges were refused to defendant:

"7. Gentlemen of the jury, if you are reasonably satisfied from the evidence that the sole proximate cause of Mrs. Adams' injuries was the rapid rate of speed at which Bertie Green at the time and place of collision was driving, then you cannot award Mrs. Adams any damages in this case, and the Saunders System Birmingham Company, Inc., would not be liable."

"9. I charge you, gentlemen of the jury, if you are reasonably satisfied from the evidence that

Bertie Green at the time and place did not use the brake until she was so close to Mrs. Adams. that at the rate of speed she was traveling at said time that it would have been impossible to avoid striking her with the brakes in good condition, then you cannot award Mrs. Adams any damages."

Assignment 30. "The burden of proof is on the plaintiff in this case to reasonably satisfy you from the evidence, that the brakes on defendant's automobile were in a defective condition when said automobile was rented by Mrs. Bertie Green, and that defendant's agent or servant who rented said automobile to her had knowledge of said condition or by the exercise of reasonable care and skill in inspecting said automobile could have ascertained that said brakes were defective, and unless you find from the evidence that such defective condition of the brakes was known to the defendant's agent or servant at said time, or that by the exercise of reasonable care and skill in inspecting said automobile said defective condition could have been ascertained, you must find for the defendant."

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Where the testimony leaves a material matter leading to liability so uncertain as between causes for which defendant might be responsible and causes for which defendant could not be held accountable, it is not for the jury to guess. Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 So. 757; Carlisle v. C. of Ga. Ry. Co., 183 Ala. 195, 62 So. 759. Causal connection between defective brakes and the collision must be shown. Liability for collision of automobile may not be found on evidence alone of defective brakes, but there must be evidence of causal connection with the accident. Hattiesburg Chero-Cola Bottling Co. v. Price, 141 Miss. 892, 106 So. 771; 38 C. J. 95. While automobiles are not inherently regarded as dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of same, except on the theory of the doctrine of respondeat superior, yet there is an exception if he intrusts it to one, though not an agent or servant, who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality and the incompetence is known to the owner when permitting the use of a vehicle. Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Rush v. McDonnell, 214 Ala. 47, 106 So. 175.

Altman, Taylor & Koenig, of Birmingham, for appellee.

One who for hire lets an automobile to be operated upon public highways is bound to use ordinary care to see that the brakes are in reasonably safe condition to prevent injury to other persons lawfully using the highway. Collette v. Page, 44 R. I. 26, 114 A. 136, 18 A. L. R. 74; 28 C. J. 93. Every motor vehicle operated or driven upon public highways of this state shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when same is in use. Code 1923, § 6264. In a complaint, very general averments, little short of mere conclusions, of a want of care and consequent injury, leaving out the facts which constitute and go to prove negligence, meet all the requirements of the law. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370. Where there is evidence or inferences therefrom to support plaintiff's cause of action, the question is for the jury, and the general affirmative charge is properly refused the defendant; the weight of evidence being for the jury. So. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Allen v. Fincher, 187 Ala. 599, 65 So. 946. A charge which assumes facts which must appear from the evidence is bad. Going v. Ala. Steel & Wire Co., 141 Ala. 537, 37 So. 784; Marbury Lbr. Co. v. Lamont, 169 Ala. 33, 53 So. 773; Randall's Instructions to Juries, vol. 1, § 74, p. 127.

SAYRE, J. Defendant, Saunders System, let an automobile for hire to Bertie Green as "driver." The machine, while being operated by the driver, ran against plaintiff, Adams, causing injuries on account of which she brought this suit, alleging—in count D on which alone the case went to the jury—that defendant had negligently rented the car to the driver "with the brakes of said car in a defective and dangerous condition," as a proximate consequence whereof she suffered injuries described in the complaint. Numerous grounds of demurrer were assigned to this count, and some of them are repeated in the assignments of error and in appellant's brief. Those requiring notice are to the effect, briefly stated, that no privity of contract between plaintiff and defendant was shown; that there was no averment that defendant knew or could have known, the defective condition of the brakes; that an automobile is not an "immediately dangerous vehicle"; that there is no sufficient allegation of negligence; that proximate causal connection between the negligence alleged and plaintiff's injury is not shown.

[1, 2] The question involved relates to the alleged negligence of one who rented or let to hire an automobile, to the driver who was operating the machine at the time of plaintiff's injury. In Parker v. Wilson, 179 Ala. 370, 60 So. 150, 43 L. R. A. (N. S.) 87, we stated our opinion that automobiles are not to be classed with such highly dangerous agencies as dynamite or savage animals; that they are not dangerous per se. That opinion has expressly or by necessary implication been approved in the more recent cases of Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380, and Beville v. Taylor, 202 Ala. 305, 80 So. 370. Of course

the court in those cases was speaking of automobiles properly constructed and in good repair. The question now is whether the defendant owed the duty of care and diligence in and about the condition of the machine, to any one but the driver, that is, to plaintiff in this case. In view of the fact that the automobile was let for use on the streets and highways of the neighborhood, and that a machine of that sort without brakes or with defective and inefficient brakes, when used in the highways (including the public streets of Birmingham), is a dire menace to every one who may come into its close vicinity, we have no difficulty in reaching the conclusion that one who lets an automobile for hire with knowledge or notice that it will be used upon the public highways, thus involving probable danger to others than the driver, is under duty to inspect the machine to the end that such danger may not arise. Every one of good sense and having proper regard for his fellows must foresee the danger, and, foreseeing, must take reasonable precaution against it. There is no intention to suggest that a person engaged in defendant's business becomes a guarantor of the absolute integrity of the machines he lets. We intend only to hold that he must exercise reasonable diligence to know the condition of his machines before letting them into the hands of drivers for use on the highways. He must in that regard exercise such simple and available tests as the intended use would suggest to sensible and right-minded persons—the jury being at last the judges.

[3] The duty of diligence arises, not entirely out of contract, but out of obligations imposed by law on every one in his dealings with his fellows. MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696; Collette v. Page, 44 R. I. 26, 114 A. 136, 18 A. L. R. 74; Johnson v. Bullard, 95 Conn. 251, 111 A. 70, 12 A. L. R. 766; 38 C. J. p. 93, § 70. And this is in agreement with the legislative policy of this state as shown by section 6264, of the Code, where it is provided that "Every motor vehicle, operated or driven upon the public highways of this state shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when the same is in use."

[4] These considerations, in connection with our rule of pleading according to which only the most general allegations of negligence "little short indeed of mere conclusions," are required (Armstrong v. Montgomery Street Railway, 123 Ala. 233, 26 So. 349; Shelby Iron Co. v. Morrow, 211 Ala. 125, 99 So. 643), suffice to answer appellant's criticism of the trial court's ruling on the demurrer to the complaint.

[5] One other point, taken in appellant's brief, viz.: That the count in issue failed to allege that the defective and dangerous condition of the brakes proximately caused plaintiff's injuries, is answered by the plain language of the count, which alleges that plaintiff was injured as a proximate consequence of defendant's negligence.

[6] The inquiry of fact whether the brakes of the car causing plaintiff's injuries were defective at and before the time of the accident, depended upon evidence in irreconcilable conflict and it is not possible for the court on the case shown in the bill of exceptions to say that there was any preponderance on the side of plaintiff. There was evidence tending to show that plaintiff's hurt was caused, not by reason of any defect in the brakes, but because the driver of the automobile, going at a high rate of speed across a crowded crossing, failed to make any use, or any attempted use, of the brakes with which the car was equipped. If the jury found in agreement with this tendency of defendant's evidence, then defendant was entitled to have the law as stated in the 7th and 9th charges refused to it. The evidence for defendant tended to sustain the hypotheses of these charges and they assert correct propositions of law. Nor was there anything like a clear statement of the proposition of either of these charges in the other instructions given by the court. In view of well-defined tendencies of the evidence, defendant was entitled to statements of this character, and we find no sufficient reason why they should not have been given.

[7] It is said that charge 7 assumes that Bertie Green (the driver) was driving the car at a rapid rate of speed. Bertie's testimony in connection with the ordinance of the city of Birmingham—of which the court is by statute required to take cognizance—would warrant such an assumption, but on a fair interpretation the instruction is not guilty as alleged. Burgin v. Stewart, 216 Ala. 663, 114 So. 182, 184.

[8] The charge made the subject of the 30th assignment was refused without error. The charge limits the duty of inspection, or to be informed, to the agent or servant who rented the machine to the driver, whereas that duty rested upon the defendant corporation.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, J., concur.

BROWN, J., concurs in the reversal on the 9th charge.