CARROLL, Respondent, vs. MINNEAPOLIS DRIVE YOURSELF SYSTEM, INC., imp., Appellant.

*November 12—December 8, 1931.*

288

For the appellant there was a brief by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Bailey Ramsdell.*

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

WICKHEM, J.   The rent-a-car company rented its Ford automobile to the defendant Mead at its place of business in Minneapolis, about 6:40 p. m. on October 15, 1930.   The company had rented cars to him four or five times before.

Mead drove to St. Paul and then to Eau Galle. He arrived at Eau Galle about eleven o'clock, and picked up two friends. He went to Eau Claire and then drove towards Chippewa Falls. Just out of Chippewa Falls a collision occurred between the car driven by Mead and an automobile owned by one Koch, in which the plaintiff Carroll was a passenger. The accident happened upon a curve. This was a right curve to the defendant Mead. He was traveling in the middle of the highway and did not succeed in getting back to the right-hand side of the highway as he took the curve. The result was that he struck the car in which the plaintiff was riding. He testified that he was going thirty-five miles an hour, other witnesses testified forty-five to fifty miles. There is no question raised upon this appeal as to Mead's negligence.

The appellants contend that there is no evidence to sustain the finding that the rent-a-car company negligently rented the car with a defective steering apparatus, and that, assuming that there was such evidence, there is no evidence that this negligence was a proximate cause of the injury.

The rule governing appellants' liability is that "one who lets an automobile for hire, with knowledge or notice that it will be used upon the public highways, thus involving probable danger to others than the driver, is under a duty to inspect the machine to the end that such danger may not arise. By this it is not meant that one engaged in the business of letting automobiles for hire becomes a guarantor of the absolute integrity of the machine he lets; but he must exercise reasonable diligence to know the condition of his machines before letting them into the hands of drivers for use upon the highways, and he must in that regard employ such simple and available tests as the intended use would suggest to sensible and right-minded persons, the jury being at last the judges." 61 A. L. R. 1337; *Saunders System Birmingham Co. v. Adams,* 217 Ala. 621, 117 South. 72.

The first question is whether there is evidence from which the jury could conclude that the steering apparatus on the car was defective. The evidence upon this point is all given by the defendant Mead. It is to the effect that the car was unusually hard to steer; that he noticed it shortly after he had started to drive it, and that the difficulty continued during the 150 miles or so which he traveled before the accident. He states that the only respect in which it bothered him was that it was tight and hard to operate. He was nevertheless able to keep on the road all the time. At one stage in his journey, and while the steering wheel was in the same condition, he was able to make a complete circle with his car. He states that if he had made a supreme effort he could have turned his car to his own side of the road at the time of the accident, but that he had to use his whole strength in order to get around the corner. Does this constitute sufficient evidence that the steering wheel was defective? In *Kortendick v. Waterford,* 142 Wis. 413, 125 N. W. 945, the court approved an instruction that "by a 'defect in the highway' is meant any condition that renders the highway not reasonably safe for travelers who exercise ordinary care in traveling upon it."

. In the absence of a definite statutory standard, we think a defect in the mechanism of an automobile is such a condition as will render its use upon the highway dangerous to public travel when the automobile is being subjected to ordinary use and operated by the driver with ordinary care. There is no evidence in this case that the steering gear was so stiff and unresponsive as to render the operation of the automobile dangerous to travelers upon the public highway while it was being subjected to ordinary use and driven with ordinary care. The defendant Mead drove this car for about 150 miles before the accident occurred, and while the steering gear caused him some annoyance, it was entirely efficient to keep the car upon the road and to make such

maneuvers with the car as he found necessary. Under these circumstances we cannot say that there is evidence from which a jury could conclude that the steering apparatus was defective.

Plaintiff asks for a review of the order changing the answers of the special verdict with respect to the negligence of the defendant company in letting the car to Mead. We have carefully reviewed the record and fail to discover any evidence which would sustain a finding that Mead was incompetent, or, if he was, that the rent-a-car company should have known of this fact. It follows that the view of the trial court must be sustained upon this point.

The cause of action based on sec. 85.215, Stats., cannot be sustained. Whether the statute be held valid or invalid for the purposes of this appeal, it plainly was not intended to have any extraterritorial effect, and does not impose any obligation upon a Minnesota corporation which rented a car in Minnesota.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint against the appellant.