MARGARET MITCHELL *vs.* WILLIAM J. LONERGAN & another.

Suffolk. March 14, 1933. — February 14, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Actionable Tort. Negligence,* Of lessor of motor vehicle toward guest of lessee. *Proximate Cause. Practice, Civil,* Amendment.

The lessor of an automobile let for use by the hirer upon the highways was *held* to be liable in an action of tort by one who, when riding therein as a guest of the hirer, sustained personal injuries as a result of a defective condition of the brakes of the automobile which might have been discovered by the lessor by a reasonable inspection previous to the letting.

Although the hirer above mentioned discovered, before his guest entered the automobile, that its brakes were not in perfect condition, it could not properly have been ruled as a matter of law that his act of con-

tinuing to drive the automobile after such discovery was an inter-
vening act which broke the causal connection between the lessor's
negligence and the injury to the guest.

It being apparent to this court, upon exceptions by the defendant fol-
lowing a finding for the plaintiff at the hearing without a jury of the
action above described, in which no demurrer to the declaration had
been filed, that the hearing had been full and fair upon the real issues
involved, and was untainted by error of law, this court allowed a peti-
tion by the plaintiff for leave to file a substitute declaration sufficiently
setting forth a cause of action against the defendant, in place of the
declaration upon which the hearing was had and which was defective
in that it did not contain an allegation that the condition of the brakes
of the automobile was known to the defendant or could have been dis-
covered by him by a reasonable examination before the letting.

TORT. Writ dated February 18, 1928.

The action was heard in the Superior Court by *Brown,* J.,
without a jury. Material evidence, and a ruling requested
by the defendant and refused, are described in the opinion.
The judge found for the plaintiff in the sum of $1,000. The
defendant alleged an exception.

*R. H. Lee,* for the defendants.

*J. G. Kelly,* (*C. B. Sperber* with him,) for the plaintiff.

RUGG, C.J. The plaintiff received personal injuries while
riding as the guest of one Connolly, the operator of an auto-
mobile hired by him from the defendants in the course of
their business of letting automobiles. There was evidence
tending to show that Connolly hired the automobile from
the defendants under a contract in writing and himself
drove it away from the defendants' place of business; that
a short time after driving it upon the highways, having
occasion to stop, he applied the brakes in the usual way and
the automobile halted suddenly and threw him forward;
that he then drove to the home of the plaintiff and she ac-
cepted his invitation to ride, and that during the ride he
put on the brakes again and they "grabbed on so quick"
that the plaintiff was thrown "forward out of the seat
through the windshield" and injured. Experts testified
to the effect that the accident was caused by defective
brakes in the automobile, or other possible causes which
could have been discovered by careful examination in the
garage of the defendants prior to the letting to Connolly,

and which could not have occurred during the time the automobile was used on the way from the place of business of the defendants to the place of the accident.

At the close of the evidence the defendants requested a ruling that as matter of law the plaintiff was "not entitled to recover on the pleadings and all the evidence." This request was denied and a finding was made for the plaintiff. The exceptions of the defendants to that denial bring the case here.

The question is whether the lessor of an automobile for specified rental is liable to a guest of the lessee for injuries caused by a defective braking mechanism which could have been discovered upon reasonable examination before the letting. That precise question as applied to motor vehicles has never arisen for decision in this Commonwealth.

The conceded fact that the defendants let the automobile to Connolly for hire warranted an inference that according to common experience he might use it for the purpose of carrying other persons as passengers, either on the footing of guests, employees, joint adventurers, or otherwise. It was not necessary that this purpose be stated at the time of the hiring. It would be one of the implications of the transaction in the absence of anything to the contrary. Automobiles are not inherently dangerous as are explosive and inflammable substances, *McGowan* v. *Longwood*, 242 Mass. 337, 341, yet in operation upon highways they are perilous to the safety of mankind and they are destructive to human life. If not in repair, they may be fraught with great hazard to their occupants as well as to others. *Opinion of the Justices*, 251 Mass. 569, 594–597. It was said in *Hess* v. *Pawloski*, 274 U. S. 352, 356: "Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property." The transaction between the defendants and Connolly must be treated as to its legal obligations and implications upon the basis of these matters of common knowledge.

The main question in the case at bar is settled in principle adversely to the contentions of the defendants by *Horne* v.

*Meakin,* 115 Mass. 326. That was an action of tort to recover compensation for personal injuries suffered by the wife of one who hired from the defendant stable keepers a horse and carriage for the purpose of taking himself and his family to a funeral; there was evidence that the driver of the horse was careful and that the horse was unsafe and ran away and injured the wife of the hirer of the horse and carriage. It was held (page 331) that it "was the duty of the defendants to furnish a suitable horse for the purpose for which it was hired, and a part of their contract that they would do so. If they have negligently furnished one which was unsuitable, and injury has been occasioned thereby, it is not a defence that they did not know that the horse was unsuitable." That action appears to have been brought in the name of both husband and wife, but nothing turns upon their common law relations because, before that cause of action arose, St. 1871, c. 312 (G. L. [Ter. Ed.] c. 209, § 6) had become effective enabling a married woman to sue in an action of tort as if she were sole. See *Thibeault* v. *Poole,* 283 Mass. 480, 483–484. To the same effect is *Lynch* v. *Richardson,* 163 Mass. 160. That was an action of tort to recover compensation for personal injuries sustained by the wife of the one who hired a horse and carriage from the defendant, the keeper of a livery stable, and caused by the viciousness of the horse. It was held that it was the duty of the defendant to furnish a horse free from dangerously vicious habits and that, if he knew of the existence of the habits, or if "by the exercise of reasonable care to ascertain whether the horse was suitable for the use of hirers, he ought to have known that it was dangerous, he is liable for such injuries as resulted from his wrongful conduct." There is nothing inconsistent with this in the point decided in *Copeland* v. *Draper,* 157 Mass. 558. To the same effect is *Hadley* v. *Cross,* 34 Vt. 586. Compare *Hyman* v. *Nye & Sons,* 6 Q. B. D. 685, which seems to go rather far in holding a defendant to responsibility.

The obligations established and the liabilities enforced by *Horne* v. *Meakin,* 115 Mass. 326, and *Lynch* v. *Richardson,* 163 Mass. 160, do not arise directly out of contract, be-

cause the plaintiff in neither of those cases was a party to the contract of hire. They arise out of the duty imposed by law that one shall not negligently put forth in public places a dangerous instrumentality likely to injure third persons, with the intention that it shall be used by the class to which the plaintiff belongs. Compare *Hayes* v. *Philadelphia & Reading Coal & Iron Co.* 150 Mass. 457, 460; *Crimmins* v. *Booth,* 202 Mass. 17, 24; *Gearing* v. *Berkson,* 223 Mass. 257. This principle is not in conflict with our decisions exonerating in general a manufacturer from liability to those with whom he has no contractual relations and illustrated by *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, and *Christensen* v. *Bremer,* 263 Mass. 129, 136. The analogy between the business of keeping a livery stable and the business conducted by the defendants is very close. We are unable to perceive any sound reason for distinction between the two. As applied to the facts of the case at bar the defendants are liable to the plaintiff as the guest of the hirer of the automobile let by them for use upon the highways for injuries sustained by her by reason of the defective mechanism of the automobile, which might have been discovered by the defendants by the exercise of reasonable care in inspection before the letting.

This conclusion is supported by a considerable body of authority in other jurisdictions where the precise question has been decided. *Saunders System Birmingham Co.* v. *Adams,* 217 Ala. 621. *Milestone System, Inc.* v. *Gasior,* 160 Md. 131, 136. *Trusty* v. *Patterson,* 299 Penn. St. 469. *Vaughn* v. *Millington Motor Co.* 160 Tenn. 197. *Collette* v. *Page,* 44 R. I. 26. *Carroll* v. *Minneapolis Drive Yourself System, Inc.* 206 Wis. 287.

It could not rightly have been ruled as matter of law that the causal connection between the negligence of the defendants and the injury to the plaintiff was broken by the intervening act of Connolly in using the brake once and ascertaining that it did not appear to be in perfect condition and thereafter continuing to drive the automobile. The test is found in the natural and probable connection between the wrong done and the injurious consequences. Liability

continues if the mischief is attributable to the negligence as a result which might reasonably have been foreseen as probable. *Gordon* v. *Bedard*, 265 Mass. 408, 412. *Teasdale* v. *Beacon Oil Co.* 266 Mass. 25. *Milbury* v. *Turner Centre System*, 274 Mass. 358, 361, 362. *Kaufman* v. *Boston Dye House, Inc.* 280 Mass. 161, 168, 169. The case at bar falls within this principle and is distinguishable from *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536.

The defendants urge that their request ought to have been granted for the further reason that the declaration did not set out a cause of action. They did not raise this by demurrer. They were not obliged to do so. *Murphy* v. *Russell*, 202 Mass. 480, 481. They pleaded general denial by way of answer. The declaration charged the renting by the defendants of the automobile with defective brakes and resultant injury to the plaintiff. It omitted an allegation that the defective condition was or ought to have been known to the defendants upon proper inspection before the letting. The cause of action was imperfectly stated. Whether after trial it might be sustained on the doctrine that the point was too insignificant to be entertained at that stage, *George N. Pierce Co.* v. *Beers*, 190 Mass. 199, 204, we do not pause to discuss. It is apparent to us from the record as a whole that the case was fully and fairly tried upon the real issues of fact involved, untainted by any error of law. The plaintiff has offered for filing in this court petition to file a substitute declaration sufficiently setting out as matter of law the liability of the defendants. That petition is allowed. G. L. (Ter. Ed.) c. 231, § 125. *Fratta* v. *Rossetti*, 277 Mass. 98. *Adams* v. *Silverman*, 280 Mass. 23, 30. The exceptions are overruled.

*So ordered.*