## Robinson et ux. v. Van Mos

*John D. Ray,* for plaintiffs.
*Swaney & Lucas,* for defendant.

READER, P. J., November 8, 1939.—The above-entitled action is one brought to recover damages for personal injuries sustained by Ora Robinson while riding in an automobile belonging to defendant. The statement avers that on or about July 15, 1937, defendant, Harry Van Mos, supplied a 1930 Ford sedan automobile, owned by him, for the use of his daughter, Mrs. Ruth Wagner, for the purpose of enabling the said Mrs. Ruth Wagner to transport herself, defendant's wife, Laura Van Mos, and plaintiff Ora Robinson, to a social gathering some distance from the homes of the said Harry Van Mos and plaintiff Ora Robinson. On the said date, at about 2 o'clock in the afternoon, plaintiff Ora Robinson entered this automobile as a guest of said Ruth Wagner and said

Laura Van Mos for the purpose of being taken from the home of plaintiff, near Warrendale, Pa., to a place located on U. S. Highway Route No. 19. The car, it is averred, was driven by Ruth Wagner. It is further averred that while proceeding in a northerly direction on said highway, and at a point near Bear Run, plaintiff was severely injured by being hurled or thrown from the rear seat of the automobile when she became alarmed by reason of a loud explosion in the car, followed by the car being filled with smoke. The statement avers negligence on the part of defendant, Harry Van Mos, in the following respects:

"(*a*) In supplying as aforesaid an automobile which was defective in operation.

"(*b*) In supplying as aforesaid an automobile which he knew or knew facts from which he should have realized that the automobile was or was likely to be dangerous for the use for which it was supplied.

"(*c*) In failing to exercise reasonable care to inform those for whose use the automobile was supplied as aforesaid, of its dangerous condition or of facts which made it likely to be so while having no reason to believe that those for whose use the automobile was supplied would realize its dangerous condition."

To this statement an affidavit of defense raising questions of law was filed. In substance the questions raised by the statutory demurrer are that the statement does not present a good cause of action in that it does not aver facts showing that the automobile in question was defective, or that defendant knew of any such defects in said automobile.

The averments of the statement to the effect that defendant loaned his automobile to his daughter for the purpose of making the trip above referred to indicate that the relation of defendant to his said daughter, Ruth Wagner, was that of a gratuitous bailor. The averments are sufficient also to establish, if proven, that defendant was aware of the fact that plaintiff Ora Robinson was

one of the persons expected to use the automobile in question, and for whose benefit the bailment was made.

The only remaining question, it seems to us, is whether the statement, after averring this relation of the parties, contains sufficient averments as to the negligence of defendant. The general rule as to liability under such circumstances is thus stated in the A. L. I. Restatement of Torts, vol. 2, §388:

"One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;

"(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so."

In Comment *a* under the Restatement we find the following expression:

". . . one who lends an automobile to a friend and who fails to disclose a defect, of which he himself knows and which he should recognize as making it unreasonably dangerous for use, is subject to liability not only to his friend but also to any one whom his friend permits to drive the car or chooses to receive in it as passenger or guest if it is understood between them that the car may be so used."

The chief contention of defendant is that defendant is liable only for a failure to disclose to the bailee defects in the automobile actually known to him. This position is supported by some, though not by all, of the decided cases.

In the case of Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 61 A. L. R. 1333, it was held in substance that one who lets an automobile for hire, knowing that it will be used on the public highways, is under a duty to inspect the machine for the purpose of ascertaining whether it is in such mechanical condition as to render its use reasonably safe. In that case the defect alleged was with reference to the brakes of the car. In the note to this case various decisions are reviewed. The conclusion stated in the annotation is as follows (p. 1339) :

"Restated, the duty of lender to borrower of such a vehicle, and so to one riding with the latter upon invitation or by permission, was to disclose any defect of which it was aware which might make the loan perilous to borrower or those whom he invited or allowed to ride with him; but its duty went no further than this, and it could not be made liable for not communicating anything it did not in fact know, whether it ought to have known it or not. Ibid. Furthermore, lender would be under no duty to give notice of defects, if such defects were open and patent to the borrower, or he in fact had adequate knowledge and information of them, since such notice would be quite unnecessary for his protection. Ibid.

"In application of the foregoing rules, one gratuitously loaning an automobile to another, without actual knowledge of a defective condition of the steering gear, was not, by reason of failure to have the car repaired or warn the borrower of the condition of the steering gear before permitting her to drive the car, liable to the borrower for injuries sustained by her when the car overturned due to said defective condition, and this though he (the lender) should have known of said defective condition. Dickason v. Dickason (Mont.) supra." (84 Mont. 52, 274 Pac. 145).

The case of Johnson, Admr., v. H. M. Bullard Co., 95 Conn. 251, 111 Atl. 70, also holds that the defect must be known to defendant before he can be charged with

liability by reason of his failure to give notice of it to the bailee. This case also cites a number of decisions defining the liability in such cases.

Even adopting the stricter rule last referred to, to the effect that defendant must have actual knowledge of the defect in question, we are not satisfied that plaintiff's statement in the case now before us fails to sufficiently charge such knowledge. The averment of the statement, hereinbefore quoted, is in substance that defendant knew of the defect, or knew facts from which he should have realized that the automobile was likely to be dangerous for the use for which it was supplied. This is substantially the language of the Restatement of the Law, also hereinbefore quoted. We think it is more than a mere statement that defendant should have known of the defect. It is a statement that he knew of the defect, or knew facts which should have brought the defect to his realization. We are satisfied, therefore, that the averment of the statement in this respect meets the requirement of the general rule of the law as to liability in such cases.

It is true that the statement does not aver what the facts were which were thus known to defendant; nor does it aver what the defect in the automobile in question was. In these respects we think the statement should be more specific. Defendant is entitled to be advised of the facts upon which plaintiff relies as establishing his liability, in so far, at least, as those facts are known to plaintiff. In so far as the facts may be within the exclusive knowledge of defendant, plaintiff is not required under our practice acts to aver them. We think, however, that the defect of the statement in this respect is not in its failure to state a cause of action, but in its failure to specifically aver the facts upon which the averment of the cause of action is based. The purpose of the statutory demurrer is to call attention to the failure of plaintiff's statement to state at all a good cause of action. Where such a cause of action is stated, even though the statement may be more

or less in the form of a conclusion without the specification of the supporting facts, we think the remedy of defendant is not by statutory demurrer, but by a rule for more specific statement, or by motion to strike off the statement as insufficient. The rule under the Practice Act of May 14, 1915, P. L. 483, is thus stated in the case of King et al. v. Brillhart, 271 Pa. 301, 305:

" The statement charges negligent management of the car and that is what the evidence tends to establish. True, the former may not be a statement, in a concise and summary form of the material facts upon which the plaintiff relies, as contemplated by section 5 of the Practice Act of May 14, 1915, P. L. 483, but, if not, it was waived by defendant's affidavit to and going to trial upon the merits. Section 21 of the Act (P. L. 487) provides: 'The court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct.' Thereunder, a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific. Failing to do either, he will not be entitled to a compulsory nonsuit because of the general character of plaintiff's statement. The rule entitling a defendant to ask for a bill of particulars has become obsolete under the Practice Act, for every statement of plaintiff's claim, drawn in compliance therewith, embodies a bill of particulars. If not so drawn the proper remedy is as above stated."

And again, in the case of Rhodes v. Terheyden et al., 272 Pa. 397, 401:

"If appellee was of opinion the averment of the statement did not 'conform to the provisions' of the Practice Act of May 14, 1915, P. L. 483, he should have moved to strike it off, as provided by section 21. If he believed it did 'conform to the provisions' of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion

for a non pros, if the court made his rule absolute and its order was not compiled with (King v. Brillhart, 271 Pa. 301, 305) ; this practice still obtains, notwithstanding section 21 of the act, which 'is not intended to provide a new or exclusive remedy, applicable to defective pleadings; it is simply a general enabling provision to be read in connection with the rest of the act': Parry v. First National Bank of Lansford, 270 Pa. 556, 560.

"The question to be decided under section 20 of the act, which provides only 'a substitute . . . for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls (though there is no such difficulty in the instant case), but, in that event, the doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases (Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264. It is true each of these citations was an appeal from a refusal to enter judgment for want of a sufficient affidavit of defense, but the principle relied on applies with greater force here, in view of the certainty required in such affidavits: Moore v. Luzerne County, supra. Any other conclusion would be a reversion to the practice, common in ancient days, but happily not now, of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims."

We are of the opinion that the statement does aver that the automobile in question was defective, and that defendant knew of these defects through the knowledge of facts which demonstrated the existence of such defects; that it avers a failure to disclose the existence of such de-

fects to the bailee, and injuries to plaintiff, Ora Robinson, by reason of such defects. As indicated, while we think the statement does contain averments substantially to this effect, it fails to aver any specific facts supporting the general statement. Insofar as such facts are within the knowledge of plaintiff, we think they should be averred. While defendant has not asked for a more specific statement, we think there is no good reason why we should not require it to be made rather than put defendant to the necessity of presenting another petition or motion. The statutory demurrer will be overruled, with leave to plaintiff to file a more specific statement.