**FINNEY P. LYNCH, trading and doing business as U-DRIVE AUTOS, v. CHARLES F. BARRINGTON.**

33 So. (2nd) 228      June Term, 1947
December 9, 1947      En Banc
Rehearing denied January 12, 1948

*Marks, Marks, Holt, Gray & Yates* and *Harry T. Gray,* for appellant.

*Will O. Murriell,* for appellee.

PER CURIAM:

The judgment appealed from is affirmed.

THOMAS, C. J., ADAMS, SEBRING, and BARNS, JJ., concur.

TERRELL, BUFORD and CHAPMAN, JJ., dissent.

CHAPMAN, J., dissenting:

A careful study of the record discloses that the only evidence offered by the plaintiff below in support of the allegation of a defective tire was that given by Mrs. Warren, wife of the plaintiffs, whose opportunity to observe the tire was after the collision. Her testimony on this pivotal point was contradicted by Will Parker, one of the employees, and Mr. Lohman, one of the partners. There is no evidence of a blow-out of the tire but that the same went flat after the impact of the two cars. If the challenged judgment is sustained the legal effect thereof will be to make the appellant a guarantor or an insurer of the safety of the appellee, when his legal duty was to use reasonable care in renting the car in question. It is my view that the following authorities are here controlling: Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 61 A.L.R. 1333; Blashfield's Cyclopedia of Automobile Law & Practice, Vol. 4, pp. 292-4, par. 2253; Berry on Automobiles, Vol. 2 (6th ed.) p. 1092, par. 1337; 5 Am. Jur. 698, par. 358; Huddy's Cyclopedia of Automobile Law, Vol. 11-12 (9th ed.) p. 465, par. 369.

The failure of the plaintiff to establish the material allegation of a "defective or worn tire," in my opinion, requires a reversal for new trial of the three cases.

BUFORD, J., concurs.

BUFORD, J., concurring specially:

I think the judgments in this and two companion cases should be reversed for the reasons stated by Mr. Justice CHAPMAN and for the further reason, viz: The Third amended declaration alleges: "that the said automobile so rented for hire by the defendant as aforesaid, which the plaintiff was operating was defective and insufficient in this, to-wit, that the tires on said automobile were worn, weak and

insufficient in this, to-wit, that the tread thereof was slick, smooth and without traction so as to cause the same to slip and skid about on damp or wet pavements as the brakes were applied at the time and place herein mentioned, thereby causing the plaintiff, who was the operator of said automobile, to lose control thereof, all of which was unknown to the plaintiff and all of which was known to the defendant or could and should have been known as a reasonable inspection would have disclosed the same, by reason whereof while the said automobile was being operated as aforesaid at the intersection of Edison and Dellwood Avenues in the City of Jacksonville, Duval County, Florida, the brakes on said automobile were applied and by reason of said carelessness and negligence aforesaid the said automobile was thereby caused to career and come into a collision with another automobile at or about said intersection and thereafter to come into collision with a telephone pole and that thereby the plaintiff was painfully, seriously and permanently injured, bruised and lacerated in and throughout his head, body and limbs, . . . "

To this allegation demurrer was interposed and overruled, two grounds of which demurrer were:

"7. It affirmatively appears that the plaintiff knew or should have known of the condition complained of."

"11. It affirmatively appears that the plaintiff's own negligence proximately contributed to causing the accident, injury and damage complained of."

The defendant also pleaded:

"2. That the negligence of the plaintiff proximately contributed to causing the accident, injury and damage complained of.

"3. That the negligence of the plaintiff proximately contributed to causing the accident, injury and damage complained of in this, to-wit: that the plaintiff carelessly and negligently drove, operated and propelled said car and by reason thereof was caused to and did proximately contribute to causing the collision, accident and damage sued for.

"8. That it is not true and this defendant denies that said automobile was not in good repair or that it was in a bad state of repair and unsafe to operate, in that the tires were worn,

weak, insufficient and unable to bear the strain of unusual operation."

The record shows that the alleged condition of the tire was such as could readily be seen and observed by the plaintiff in the exercise of ordinary and reasonable care and that by the operating of said automobile with the tire in the condition in which it, to a casual observer appeared to be the plaintiff was guilty of contributory negligence.

The declaration showed that alleged defective condition of the tire was such that the plaintiff by the exercise of ordinary reasonable care observed, or could have observed, before he undertook to drive the automobile.

The demurrer thereto should have been sustained.

For these reasons and for those stated by Mr. Justice CHAPMAN, the judgment should be reversed.

CHAPMAN, J., concurs.