MacCrate, J.
This is an action to recover damages for personal injuries sustained by plaintiff when a link of a chain on a tractor crane broke while he stood in a truck aiding his coemployees, who were operating the tractor crane on a pier, to place scrap iron in the truck. The crane had been leased by Turner Dock Transfer Co., Inc., one of the defendants, to the Farringtons, the other defendants, who, within two days from the date they received it, leased it to plaintiff’s employer and supplied the crew to operate it, and several months later leased it to plaintiff’s employer, without a crew.
The Farringtons made a cross complaint against the Turner Company and alleged that the latter was liable over to them for any recovery against them by the plaintiff. The parties left to the Trial Justice the determination of the liability on the cross complaint.
Plaintiff contended that, prior to the first letting to the Farringtons, there was a crack in the chain, discoverable by reasonable inspection. The jury found for plaintiff against the defendants. The Trial Justice reserved decision on motions to dismiss at the end of the proof, and on motions to set aside the verdict. Thereafter the motions were granted, and judgment was entered dismissing the complaint as to the defendants, and dismissing the cross complaint, for the reason that the jury should not have been permitted to find the defendants negligent if they, by reasonable inspection, should have discovered the defect, because what defendants could have discovered should have been discovered by plaintiff’s employer.
*128 The defendants were bailors who could have been found to have leased the crane as safe for immediate use. (Eestatement, Torts, § 408, Comments a and b.) The jury could have found that at the time each defendant leased the crane there was a crack in a link of its chain, which had existed for at least two years prior to the accident, which could have been the result of overheating at the time of manufacture, or of the regular use of the crane, and which could and should have been discovered by the exercise of the competence which the jury could have found the bailors of a chattel for immediate use, who agreed to repair, should possess. The evidence warranted a finding that each of the defendants was not the lessor of but a single crane. The defendant Turner Dock Transfer Co., Inc., could have been found to have been in the business of leasing cranes, and to have known that this crane was to be used by others than its immediate lessees, the codefendants. The defendants Farrington could have been found to have leased to plaintiff’s employer other cranes with the obligation to repair on the Farringtons. This was not a crane recently built. The jury could have determined that it had been in use for at least ten years. The proof does not disclose when it was manufactured. It had been in constant use before it was leased to the employer of plaintiff. The jury could say from the practice and method of leasing and of repairing adopted by the Turner Company when renting to the Farringtons, and the testimony of the former’s secretary, that no inspection was necessary after the crane was rented; that the Turner Company could not assume that there would be inspection of the chattel in advance of its use by the Farringtons or their lessees; and that the Farringtons could not assume that there would be any inspection by plaintiff’s employer prior to use of the crane. One of those defendants testified the crane was to be “ safe ”.
There is no evidence that plaintiff’s employer was ever advised or knew that there was a defect at the time of rental to it. The jury could say that this crane, which yms manufactured to lift or lower a load of five tons, would, by reason of a defect in a link of the chain, be imminently dangerous to the users thereof or to those in the vicinity of its use on a pier. They undoubtedly knew that a chain is no stronger than its weakest link. The defendants on this evidence could have been found to have had knowledge that cranes had to be generally overhauled at intervals. They had the obligation to repair.
*129 Plaintiff was not a party to either letting and cannot, of course, rely on any so-called implied warranty of fitness for regular use which is held to exist where the purpose for which a chattel is let is disclosed. (Hoisting Engine Sales Co. v. Hart, 237 N. Y. 30.) In passing, it should be noted that the Court of Appeals in the cited case (p. 37) distinguished the case of Builders’ Brick & Supply Co. v. Walsh Transp. Co. (106 Misc. 460, affd. 189 App. Div. 898), relied upon below, without approving the conclusion reached therein that there is no implied warranty in the bailment of a single chattel. The Court of Appeals held there is a warranty when the purpose of letting is disclosed to the bailor. Notwithstanding the limitation of the right to claim the benefit of a warranty to the contracting parties, the law is the “ source ” of a duty of the supplier of a chattel to use reasonable care to see that it is reasonably safe for use, even where there is not actual knowledge of the presence of a defect, or knowledge of facts which would indicate that a defect exists, where the nature of the chattel and its use are such “ that it is reasonably certain to place life and limb in peril ” when defectively made or repaired, and it is probable that it will be used without inspection by others than a party who could claim the benefit of an implied warranty. (MacPherson v. Buick Motor Co., 217 N. Y. 382, 388-390; Richards v. Texas Co., 245 App. Div. 797, leave to appeal denied 268 N. Y. 728; Mitchell v. Lonergan, 285 Mass. 266.) That duty has been placed on those who rebuild or repair a chattel. (Van Dorn v. Jackson Auto Sales, 258 App. Div. 745, affd. 283 N. Y. 628; Flies v. Fox Bros. Buick Co., 196 Wis. 196; Restatement, Torts, § 404.) This crane was on a tractor driven like an automobile, and was operated on a pier which, for some purposes, is treated as a street. (Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 465.)
The Farringtons were joint tort-feasors with the Turner Company. Both were equally negligent. The Farringtons had, by their own crew, for several months operated the crane after it was let to them by the codefendant. When they rented, on September 15, 1945, they owed the duty of exercising reasonable care to see that the crane was safe for plaintiff’s employer and plaintiff. They could not claim, as a matter of law, that they could rest on appearances, which did not excite suspicion or suggest defects or danger at the time it was rented to them, months before. There was no contradiction of the testimony of plaintiff’s expert that regular use could produce a crack which, *130 at the time it occurred, would not be observable by the naked eye, but could be ascertained to exist by tests ordinarily used. It was for the jury to say whether reasonable care would have been exercised by reliance on appearances. There was, therefore, no error in the refusal to charge that the Farringtons could rest on appearances that were not suspicious or that did not suggest defect or danger. The jury’s determination was not contrary to the weight of the evidence.
On appeal by plaintiff, the order, insofar as it grants defendants’ motions to set aside the verdict against them, and to dismiss the complaint, should be reversed on the law, the motions denied, and the verdict reinstated.
In view of the foregoing, the judgment entered on the order should be modified on the law by striking therefrom the provisions for judgment in favor of defendants, and inserting in place thereof a provision for judgment in favor of the plaintiff in accordance with the verdict as reinstated. As so modified, the judgment should be affirmed, with costs to plaintiff against the defendants.
On appeal by defendants Farrington from so much of the order and the judgment as dismisses the cross complaint of said defendants against defendant Turner Dock Transfer Co., Inc., the order and the judgment should be affirmed, with costs to defendant Turner Dock Transfer Co., Inc., against defendants Farrington.
Johnston, Acting P. J., Adel and Sneed, JJ., concur; Wenzel, J., concurs in the result.
On appeal by plaintiff, the order, insofar as it grants defendants’ motions to set aside the verdict against them, and to dismiss the complaint, is reversed on the law, the motions denied and the verdict reinstated.
In view of the foregoing, the judgment entered on the order is modified on the law by striking therefrom the provisions for judgment in favor of defendants, and inserting in place thereof a provision for judgment in favor of the plaintiff in accordance with the verdict as reinstated. As so modified, the judgment is unanimously affirmed, with costs to plaintiff against defendants.
On appeal by defendants Farrington from so much of the order and the judgment as dismisses the cross complaint of said defendants against defendant Turner Dock Transfer Co., Inc., the order and the judgment are unanimously affirmed, with costs to defendant Turner Dock Transfer Co., Inc., against defendants Farrington.